# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2013

Lyle W. Cayce
Clerk

No. 13-40119

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ANGEL HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-87-1

Before HIGGINBOTHAM, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Angel Hernandez pleaded guilty to one count of alien transporting, a violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(ii). Among other things, he was sentenced to a three-year term of supervised release—the maximum

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

permitted by statute.[1] That term began on October 30, 2009 and was set to expire on October 29, 2012.

In May 2012, a federal district court found that Hernandez violated a condition of his release. Rather than revoking his release, the court extended his term of release to May 2013. A probation officer later petitioned to revoke Hernandez's release based on conduct taking place in November 2012—that is, based on conduct taking place *after* the three-year term had lapsed, but *before* the extended term had lapsed. Based on that petition, the district court revoked Hernandez's release and sentenced him, among other things, to nine months imprisonment.

The district court had no authority to impose a revocation sentence. We are aware of only one provision that might have authorized the extension of Hernandez's term of supervised release: 18 U.S.C. § 3583(e)(2). That provision allows a court to "extend a term of supervised release *if* less than the maximum authorized term was previously imposed."[2] Because the maximum authorized term was previously imposed, the district court had no authority to extend Hernandez's term of release past October 29, 2012. As Hernandez's term of release could not extend into November 2012, the district court was not permitted to order a revocation sentence based on conduct that took place during that period. The government expressly agrees that this is a plain error we ought correct. We therefore VACATE the judgment of revocation, VACATE the sentence based on that judgment, and REMAND for expedited proceedings consistent with this opinion. The mandate shall issue forthwith.

---

[1] *See* 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(ii); *see also* 18 U.S.C. §§ 3559(a)(4) (classifying Hernandez's offense as a Class D felony), 3583(b)(2) (setting maximum term of supervised release for Class D felonies at three years).

[2] 18 U.S.C. § 3583(e)(2) (emphasis added).